THORNE ET AL., APPELLANTS, v. THE SCHUMAKER PIANO
COMPANY, APPELLEE.

APPELLATE PRACTICE.

Where the evidence supports the judgment, it will not be disturbed,
    because the proofs are conflicting, or a different conclusion might
    have been reached.

*Appeal from the District Court of Arapahoe County.*

Messrs. ROSS & DEWEESE, for appellants.

Messrs. NORRIS & HOWARD, for appellee.

BISSELL, J., delivered the opinion of the court.

After a somewhat extensive correspondence The Schu-
maker Piano Company shipped two pianos from their sales-
rooms in Philadelphia to themselves as consignees. When
the terms and conditions of the transfer to the appellants,
Thorne. & Griff, were completed, they received the firm
acceptances at four months from the 21st of August, 1889,
and indorsed the bill of lading over to them. Thorne &
Griff received the pianos. About the time of the maturity
of the acceptances the company became satisfied that Thorne
& Griff had obtained the pianos by misrepresentations which
entitled the vendors to rescind the sale. The corporation
brought this suit on that basis, and by apt averments charged
that the defendants represented themselves as intending and
desirous to assume the agency for the piano in Denver, and
held themselves out as persons competent to influence and
procure a very considerable trade for such instruments. It
would subserve no useful purpose to state the substance of
the complaint, or the contention of the parties, other than
to state in general that the dispute between the parties
springs from the company's assertions in respect of this

matter on the one side, and Thorne & Griff's denials on
the other. The complaint was sufficient in substance and
in form, and if it has been sustained by adequate and com-
petent proof, warrants the judgment which the court ren-
dered.

The law applicable to the controversy is not challenged by
the appellants. It is conceded that, if the evidence supports
the judgment and is ample for the purpose, the law justifies
the recovery. The only question thus really left for the court
to pass on is whether the case comes, by reason of the abso-
lute insufficiency of the proof, within the rule so long estab-
lished in this state. At the outset it may be premised that
it is exceedingly doubtful whether any question concerning
the admissibility of testimony has been saved by a sufficient
objection to warrant its consideration. Whatever might be
the conclusion on that question, the court committed no error
in refusing testimony offered on behalf of the defendants, and
its interlocutory disposition of questions of evidence infringed
no established rules. In the direct conflict presented by the
proof, it would be entirely easy to suggest many reasons and
arguments in support of a different conclusion from that
reached by the court, and equally possible to present cogent
ones supporting its judgment. This being true, and there
being evidence on which the case can properly rest, we are
not at liberty to disturb the judgment. There is no such
complete want of testimony to support it as will warrant
this court in reviewing the conclusions arrived at by the
trial judge.

This disposes of all the considerations urged by counsel
in their brief, and since they point to no error committed in
the trial of the case the judgment will be affirmed.

*Affirmed.*